HILARY B. MUCKLEROY, ESQ., Bar # 9632
AMY L. THOMPSON, ESQ., Bar # 11907
MGM RESORTS INTERNATIONAL
6385 S. RAINBOW BLVD, SUITE 500
Las Vegas, NV 89118
Telephone: 702.692.1959
Fax No.: 702.669.4501
Email: hmuckleroy@mgmresorts.com
abaker@mgmresorts.com

Attorneys for Defendant Aria Resort & Casino, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA A. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC, a Nevada limited liability company<br><br>Defendant. | Case No. 2:17-cv-01484-JCM-VCF<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY FOR 90 DAYS** |

Plaintiff Patricia A. Williams ("Plaintiff") and Defendant Aria Resort and Casino, LLC, by and through their counsel of record, hereby stipulate to stay discovery for a period of sixty (90) days.

Counsel for Plaintiff and Defendant held a Rule 26(f) conference on September 5, 2017. In the Rule 26(f) conference, it was discussed and agreed that a stay of discovery was warranted in this matter in light of the parties having commenced settlement discussions which could result in early resolution of the matter. Additionally Defendant has filed a Motion to Dismiss that may result in dismissal of Plaintiff's Title VII and NRS 613 claims.

In assessing a request to stay discovery, the Court decides whether it is necessary to speed the parties along in discovery or whether it is appropriate to delay discovery and spare the parties the associated expense. *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). To make this assessment, the Court takes a "preliminary peek" at the merits of the purportedly dispositive

motion, though, importantly, this "preliminary peek" does not prejudge the outcome of the motion, it merely evaluates whether an order staying discovery is warranted. *Id*. The merits of the pending motion will ultimately be determined by the District Judge who may have a different view than the Magistrate Judge. *Id*.

Defendant's Motion to Dismiss is the type warranting a stay of discovery because Defendant has sought dismissal of the bulk of Plaintiff's claims. Accordingly, requiring the parties to conduct discovery on claims that may be dismissed and may not be curable by amendment would cause an unnecessary expense on the parties and potentially log the Court's docket with unnecessary discovery disputes on these claims. Additionally, Plaintiff has not been apprised of which factual allegations Defendant intends to admit, and which Defendant intends to deny. Nor has Plaintiff been apprised of the defenses Defendant intends to assert. Plaintiff believes this would severely limit her ability to conduct full discovery while the Motion to Dismiss is pending.

Plaintiff disputes the arguments made in Defendant's Motion to Dismiss, but agrees that the motion is of the type warranting a stay of discovery and that discovery is not necessary while the Court resolves the legal issues raised by the Motion. Moreover, the parties have commenced informal settlement discussions which may result in an early resolution of this case. The parties also note that this is a case where an early neutral evaluation conference will be ordered pursuant to Local Rule 16-6 as it is a case involving claims of employment discrimination.[1] The parties wish to divert efforts to the ENE before engaging in extensive discovery. Thus, it would be appropriate to spare the parties the burden and expense of discovery in light of these reasons. Therefore, the parties jointly request the Court stay discovery for sixty days.

The parties will re-visit the issue after ninety days to determine whether circumstances have changed that might warrant commencing discovery or continuing the stay. Accordingly, the parties request that discovery be stayed sixty days or until December 26, 2017, unless the Court rules on Defendant's Motion to Dismiss prior to that date. If the Court rules on the Motion to Dismiss prior to December 26, 2017, the parties will submit a stipulated discovery plan and scheduling order

---

[1] The Court has not yet issued the order scheduling the Early Neutral Evaluation hearing.

within 14 days of the Court's ruling on Defendant's Motion. If the Court does not rule on Defendant's Motion to Dismiss prior to December 26, 2017, the parties will conduct another discovery conference and either submit a stipulated discovery plan and scheduling order, or a proposed stipulation for an additional stay of discovery.

Dated: September 26, 2017

/s Amy L. Thompson
Hilary B. Muckleroy, Esq., Bar # 9632
Amy L. Thompson, Esq., Bar # 11907
MGM Resorts International
6385 S. Rainbow Ste. 500
Las Vegas, NV 89118

*Attorneys for Defendant*

/s Robert P. Spretnak
Robert P. Spretnak
Law Offices of Robert P. Spretnak
8275 S. Eastern Avenue Ste. 200
Las Vegas, NV 89123

*Attorney for Plaintiff*

IT IS SO ORDERED

Dated this 26th day of September 2017

_____
United States Magistrate Judge

3.